**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **WILEY DAVIS, JR.,** ) | **CASE NO. 1:16 CV 3040** |
| ) | |
| Petitioner, ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| **GRAFTON CORRECTIONAL** ) | |
| **INSTITUTION WARDEN,** ) | |
| ) | |
| Respondent. ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Petitioner Wiley Davis, Jr., filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Davis is currently incarcerated in the Grafton Correctional Institution, having been convicted in 1992 of Aggravated Murder, Kidnaping and Aggravated Robbery with Felony Murder and Firearm Specifications. He was originally sentenced to death, but was resentenced to thirty years to life in 2011 after the Sixth Circuit Court of Appeals granted a conditional Writ of Habeas Corpus. In this Petition, Davis does not clearly specify the grounds he is asserting. Instead, he appears to simply ask this Court to consider mitigating factors and his remorse for the crime and commute his sentence to time served. For the reasons set forth below, the Petition is denied and this action is dismissed.

**I. BACKGROUND**

In May 1992, a jury convicted Davis of two counts of Aggravated Murder with three Felony-Murder specifications and a three-year Firearm Specification, as well as four counts of Kidnaping and Aggravated Robbery with three-year Firearm Specifications. *State v. Davis*, No. 96908, 2012 WL 1253183, at *1-3 (Ohio Ct. App. Apr. 12, 2012). The trial court on June 1, 1992, imposed the death penalty for the Aggravated Murder charges, 15 to 25 years consecutively for the Kidnaping and Aggravated Robbery charges, and three years for the Firearm Specifications.

The United States Court of Appeals for the Sixth Circuit granted Davis habeas corpus relief by ruling that the trial court had given the jury unconstitutional unanimity instructions during the sentencing phase of the trial. *Davis v. Mitchell*, 318 F.3d 682 (6th Cir. 2003). The Sixth Circuit ordered a writ of habeas corpus to issue unless the State of Ohio conducted a new penalty phase proceeding within 180 days of remand. In early December 2004, the trial court issued a journal entry which provided in pertinent part as follows: "Re-sentencing hearing held 12/08/2004. Pursuant to the order of federal court, parties agree to 30 years actual to life plus 3 years actual on firearm specification on Count 1 to run consecutive to Counts 3 and 4. All other conditions of original sentence remain." *State v. Davis*, No. 96908, 2012 WL 1253183, at *1-3 (Ohio Ct. App. Apr. 12, 2012). This entry did not reiterate the charges on which Davis was convicted, the means of conviction, or the sentences for the other offenses. *Id*. at *1. Davis appealed.

The Ohio Eighth District Court of Appeals relied on *State v. Baker*, 119 Ohio St.3d 197 (2008) and found that the December 2004 sentencing entry did not comply with Ohio Criminal Rule 32. The entry did not state the means of conviction for any of the counts, and it specified

the sentence only for Count 1.  The court issued a Writ of Mandamus and ordered the State of Ohio and the trial judge to issue a final, appealable order in the underlying case which removed the various jurisdictional impediments under Crim.R. 32, and *Baker*.  *Id.* at *2.

Subsequently, on May 20, 2011, the trial court issued a nunc pro tunc entry for the December 10, 2004 entry, stating:

> On a former day[,] a jury found defendant guilty of aggravated murder[,] in violation of R.C. 2903.01(A)[,] with felony murder specifications (specifications one, two and three) and a firearm specification (specification four) in Count 1; of aggravated murder[,] in violation of 2903.01(B)[,] with felony murder specifications (specifications one, two and three) and a firearm specification (specification four) in Count 2; of kidnapping[,] in violation of R.C. 2905.01[,] with a firearm specification (specification one) in Count 3; and of aggravated robbery[,] in violation of R.C. 2911.01[,] with a firearm specification (specification one) in Count 4. On a former day[,] Count 5 and Count 6 were dismissed without prejudice.
>
> On a former day[,] defendant elected to have the aggravated felony specifications in the indictment tried by this court. The court found defendant guilty of aggravated felony specifications (specifications five and six) in Count 1; of aggravated felony specifications (specifications five and six) in Count 2; of aggravated felony specifications (specifications two and three) in Count 3; and of aggravated felony specifications (specifications two and three) in Count 4.
>
> Resentencing held 12/08/2004 pursuant to the order of the court in [State ex rel. Davis] (C.A. 6, 2003), 318 F.3d 682. Parties agree to 30 years actual to life on Count 1 (aggravated murder) plus three years actual on the firearm specification (specification four) in Count 1 to be served prior to and consecutive with the base charge in Count 1. Counts 1 and 2 were merged by order of the court in State v. Davis, 76 Ohio St.3d 107, 1996–Ohio–414.
>
> The felony murder specifications based upon committing or attempting to commit rape (specifications three) in Counts 1 and 2 were reversed by order of the court in [Davis], 76 Ohio St.3d 107, 1996–Ohio–414.

> Defendant also sentenced to fifteen (15) to twenty-five (25) years on each of Counts 3 and 4 to be served concurrently to each other but consecutively to the sentence in Count 1. Firearm specifications in Counts 2 through 4 to merge at sentencing with firearm specification in Count 1.
>
> Defendant to receive credit for all time served.

*Id.*

Davis appealed that entry, raising the following three assignments of error for review:

> (1) The trial court erred in not vacating Davis' [s] sentence that was not imposed and finalized pursuant to the mandate of the federal court violating Davis'[s] constitutional right to a speedy trial and his right to due process.
>
> (2) The trial court erred in not merging Counts 3 and 4 with Counts 1 and 2 as they constitute allied offenses of similar import under R .C. 2941.25(A), therefore [Davis's] constitutional right against double jeopardy has been violated and his sentence is void.
>
> (3) Because the indictment(s) filed against [Davis] failed to include all elements required to be proven beyond a reasonable doubt to obtain a valid finding of guilt as to Counts 1–4 [, Davis] was denied his liberty interest established by the Ohio Constitution to have a grand jury determine probable cause for each and every element of a charged offense in violation of [his] right to due process as guaranteed by the 14th Amendment to the United States Constitution. *Id.*

With respect to the first argument, the Eighth District found no speedy trial violation because the trial court imposed Davis's sentence within 180 days from the federal court's mandate. *Id.* at 3. The court found his second and third assignments of error to be barred by *res judicata Id.* at 4.

Davis appealed that decision to the Supreme Court of Ohio on May 16, 2012. *See State of Ohio v. Davis*, No. 2012-0860 (Ohio S. Ct. July 25, 2012). He asserted as Propositions of

-4-

Law, the three Assignments of Error he raised in the Ohio Court of Appeals.  The Supreme Court declined jurisdiction and dismissed the appeal.

Davis continued to file Motions in the trial court seeking to be resentenced.  Those Motions were denied.

Davis has now filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 asking to be released.  He does not clearly specify why he believes he is entitled to release.  He contends his was a case of self-defense because the alleged victim tried to rob him.  He states he is remorseful for his actions and has served over twenty years already.  He indicates he had no prior offenses or convictions when he committed this crime.  He indicates he was incarcerated on another charge in 1982, and between the time he served on that charge and the time he has served on this current conviction, his "30 year cap has come."  He asks this Court to order his release from prison.

## II.  LAW AND ANALYSIS

**Petition construed as filed under 28 U.S.C. § 2254**

While Davis labels his Petition as one brought pursuant to 28 U.S.C. § 2241, he is challenging his state court sentence, and his Petition must therefore meet the requirements and standards of 28 U.S.C. § 2254.  It is a well-established rule of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one.  *See Edmond v. United States*, 520 U.S. 651, 657 (1997).  The Sixth Circuit has noted that "numerous federal decisions ... support the view that all Petitions filed on behalf of persons in custody pursuant to State court judgments are filed under section 2254" and are subject to the various restrictions imposed by the Antiterrorism and Effective Death Penalty Act

(AEDPA) for obtaining habeas relief from a state conviction.  *See Rittenberry v. Morgan*, 468 F.3d 331, 337 (6th Cir. 2006) (emphasis original); *see also Allen v. White*, 185 Fed. Appx. 487, 490 (6th Cir. 2006).  Therefore, regardless of the statutory label Davis placed on his Habeas Petition, it is governed by 28 U.S.C. § 2254.  *See Byrd v. Bagley*, 37 Fed. Appx. 94, 95 (6th Cir. 2002).

**<u>Second or Successive Petitions</u>**

This is Davis's second Habeas Petition pertaining to his 1992 conviction for Aggravated Murder.  Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a District Court does not have jurisdiction to entertain a successive Petition for Writ of Habeas Corpus in the absence of an order from the Court of Appeals authorizing the filing of the successive petition. 28 U.S.C. § 2244(b)(3)(A).  Unless the Court of Appeals has given approval for the filing of a second or successive Petition, this Court must transfer the Petition to the Sixth Circuit Court of Appeals.  *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997)(per curia).

The Court therefore must determine whether this Petition is successive.  AEDPA does not define the term "second or successive;" however, the Supreme Court has made clear that the phrase does not simply "refe[r] to all § 2254 applications filed second or successively in time."  *Panetti v. Quarterman*, 551 U.S. 930, 944 (2007).  Instead, it must be interpreted with respect to the judgment challenged.  *Magwood v. Patterson*, 561 U.S. 320, 332-33 (2010).  A Habeas Petition raising a claim after a conditional writ and new sentencing hearing which could not have been raised on the original Petition is not barred as a second or successive Petition because it challenges a new judgment.  *Id.*   Here, Davis argues that his crime was really one of self defense, and indicates he had no prior convictions when he committed this crime.  He does

so, however, in the context of arguing that his current sentence is excessive. This is not a claim he could have asserted in his first Petition. This Petition is not successive for purposes of § 2244(b)(3)(A).

**Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to Habeas Corpus Petitions filed after that effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999). The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)). Consistent with this goal, when reviewing an application for a Writ of Habeas Corpus by a person in custody pursuant to the judgment of a state court, a determination of a factual issue made by a state court shall be presumed to be correct. *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774-76 (6th Cir. 2008). The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774-76 (6th Cir. 2008).

A decision is contrary to clearly established federal law under §2254(d)(1) when it is "diametrically different, opposite in character or nature, or mutually opposed" to federal law as determined by the Supreme Court of the United States. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). In order to have an "unreasonable application of ... clearly established Federal law," the state court decision must be "objectively unreasonable," not merely erroneous or incorrect. *Id.* at 409. Furthermore, it must be contrary to holdings of the Supreme Court, as opposed to dicta. *Id.* at 415.

A state court's determination of fact will be unreasonable under §2254(d)(2) only if it represents a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003). In other words, a state court's determination of facts is unreasonable if its finding conflicts with clear and convincing evidence to the contrary. *Id.* "This standard requires the federal courts to give considerable deference to state court decisions." *Ferensic v. Birkett*, 501 F.3d 469, 472 (6th Cir. 2007). AEDPA essentially requires federal courts to leave a state court judgment alone unless the judgment in place is "based on an error grave enough to be called 'unreasonable.'" *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998).

**Procedural Barriers to Habeas Review**

Before a federal court will review the merits of a Petition for a Writ of Habeas Corpus, a Petitioner must overcome several procedural hurdles. Specifically, he must surmount the barriers of exhaustion, procedural default and time limitation.

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a Petition for a Writ of Habeas Corpus. 28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27 (2004). Exhaustion is

fulfilled once a state supreme court provides a convicted person a full and fair opportunity to review his or her claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

To be properly exhausted, each claim must have been "fairly presented" to the state courts. *See e.g. Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003). Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim. *Wagner*, 581 F.3d at 414. Specifically, in determining whether a Petitioner "fairly presented" a federal constitutional claim to the state courts, courts should consider whether the Petitioner (1) phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; (2) relied upon federal cases employing the constitutional analysis in question; (3) relied upon state cases employing the federal constitutional analysis in question; or (4) alleged "facts well within the mainstream of [the pertinent] constitutional law." *See Hicks v. Straub,* 377 F.3d 538, 553 (6th Cir. 2004) (quoting *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984). Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). It cannot rest on a legal theory which is separate and distinct from the one previously considered and rejected in state court. *Id.* This does not mean that the petitioner must recite "chapter and verse" of

constitutional law, but the Petitioner is required to make a specific showing of the alleged claim. *Wagner,* 581 F.3d at 414.

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address because the Petitioner did not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, the state judgment is not based on a resolution of federal constitutional law, but instead "rests on independent and adequate state procedural grounds." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991).

A claim that is procedurally defaulted in state court will not be reviewed by a federal habeas court unless a Petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *See Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984). If a Petitioner fails to show cause for his procedural default, the Court need not address the issue of prejudice. *See Smith v. Murray*, 477 U.S. 527 (1986).

Simply stated, a federal court may review only federal claims that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas

review.

**Exhaustion of State Court Remedies**

In this case, there is no indication that Davis raised his challenges to his sentence in the Ohio courts. He appealed his new sentence of thirty years to life in prison, but on grounds other than those asserted in this Petition. Here, he contends there are mitigating factors suggesting his sentence should be lowered. That claim does not appear to have been exhausted.

As explained above, Davis cannot obtain federal habeas relief unless he has completely exhausted his available state court remedies to the state's highest court. *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001); 28 U.S.C. § 2254(b)(1)(A). Where a Habeas Petition contains unexhausted claims, there is a "strong presumption" in favor of requiring a Petitioner to pursue his available state remedies. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). Nevertheless, where the claim is plainly meritless and it would be a waste of time and judicial resources to require exhaustion, exhaustion may be excused. *Cain v. Redman*, 947 F.2d 817, 820 (6th Cir. 1991). Because Davis asserts claims that are not cognizable in a federal habeas action, there would be no point in determining whether he had an available remedy to pursue in state court to exhaust this claim.

**No Constitutional Claim**

Under 28 U.S.C. § 2254, a federal court may grant habeas relief "only on the ground that the petitioner is in custody in violation of the United States Constitution or laws or treaties of the United States. 28 U.S.C.A. § 2254(a). It is not the province of a federal court to reexamine state court determinations on state law questions. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). In conducting habeas review, this Court is limited to deciding whether Davis's

-11-

conviction or sentence violated his federal constitutional rights. Davis's claim, when pared down to its core, rests solely upon a request for this Court to consider mitigating factors and commute his sentence to time served. It does not rest on a violation of federal constitutional law and is not cognizable on federal habeas review. *See Smith v. Moore*, 137 F.3d 808, 822 (4th Cir.1998).

### III. CONCLUSION

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, this Court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

 S/Christopher A. Boyko  
CHRISTOPHER A. BOYKO  
UNITED STATES DISTRICT JUDGE